**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**N.K.T. Land Acquisitions, Inc.,**

        **Plaintiff,**    **1:07-CV-790
(GLS/RFT)**

   **v.**

**Chase Manhattan Mortgage
Corporation n/k/a Chase Home
Finance LLC**

        **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Berger, DuCharme Law Firm<br>10 Maxwell Drive - Suite 205<br>Clifton Park, NY 12065 | JOHN B. DUCHARME, ESQ. |
| **FOR THE DEFENDANT:** | |
| Whiteman, Osterman Law Firm<br>One Commerce Plaza<br>Suite 1900<br>Albany, NY 12260 | JOHN J. HENRY, ESQ.<br>WILLIAM S. NOLAN, ESQ. |

**Gary L. Sharpe
U.S. District Judge**

## **SUMMARY REMAND ORDER**

This action was commenced in New York State Supreme Court, Saratoga County on July 13, 2007.  On August 1, 2007, Chase removed the action to this court.  The notice of removal asserted that Chase was an limited liability company ("LLC") organized under the laws of Delaware with its principal place of business in New Jersey.  N.K.T. is a citizen of New York.  Thus, it was contended that this court had jurisdiction pursuant to 28 U.S.C. § 1332.  N.K.T. subsequently moved for remand, alleging that removal was improper because Chase was also citizen of New York.

The state of an LLC's organization and principal place of business is irrelevant in determining its citizenship for diversity purposes.  *See Mackason v. Diamond Financial LLC*, 347 F. Supp. 2d. 53, 55 (S.D.N.Y. 2004).  Rather, an LLC is a citizen of every state in which its members are citizens.  *Handelsman v. Bedford Village Associates Ltd. Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000).  Thus, Chase's notice of removal is defective in that it does not set out Chase's members or their citizenship.  While the court, in its discretion, could permit a technical amendment to the notice of removal if Chase had shown diversity to be nonetheless present, the submissions are insufficient for the court to make such a determination.

**WHEREFORE**, after hearing the arguments on both sides and for the foregoing reasons, it is hereby

**ORDERED** that this matter be **REMANDED** to the New York Supreme Court of Saratoga County for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); and it is further

**ORDERED** that the Clerk of the Court serve a certified copy of this Summary Remand Order to the state court; and it is further

**ORDERED** that the Clerk of the Court serve copies of this Summary Remand Order to the parties.

**IT IS SO ORDERED**

**Dated: December 7, 2007
       Albany, New York**

*/s/ Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge